UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ANTONIO LEE O'BANNON                                                             PLAINTIFF

v.                                                       CIVIL ACTION NO. 3:25CV-P13-JHM

DR. HACKMAN *et al.*                                                 DEFENDANTS

### MEMORANDUM OPINION

Plaintiff Antonio Lee O'Bannon filed the instant *pro se* prisoner 42 U.S.C. § 1983 action. The complaint is now before the Court for initial screening pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss the action.

### I. SUMMARY OF FACTUAL ALLEGATIONS

Plaintiff is housed at the Kentucky Correctional Psychiatric Center (KCPC). He sues KCPC, as well as Dr. Hackman, a KCPC doctor, and Lt. Dorman and Officer Elzy, two KCPC officers, in their individual and official capacities.

Plaintiff states, "Dr. Hackman and the officers here at KCPC and Lt. Dorman are forcing medication on me." He asserts that Hackman and Dorman "told me that if I refuse medication that there going to hold me down and hand cuff me and inject the medication inside of me." He also states that Hackman has been trying to "force me to evaluate with him with a conflict against us due to a alleged assault." He continues, "I was told by these persons that I can't refuse any evaluations or medication." He states that he has "the rights to refuse any evaluations or medication and forced medications." He states that he does not have "a mental health history" and does not have "a history of taking medications for mental health."

Plaintiff also states that on November 20, 2024, at 3:30 pm, "Officer Elzy came to me and told me that he was going to kill me when I get out because Officer Elzy told me that he was related to the victim on my case." He alleges that "Officer Elzy still make threats to me to this day."

As relief, Plaintiff seeks compensatory and punitive damages and release from KCPC.

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to

be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. ANALYSIS

Section 1983 creates a cause of action against any person who, under color of state law, causes the deprivation of a right secured by the Constitution or the laws of the United States. A claim under § 1983 must therefore allege two elements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A. *KCPC and official-capacity claims*

A state agency, such as KCPC, is not a "person[]" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Additionally, the Eleventh Amendment acts as a bar to all claims for relief against KCPC. A state and its agencies may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment, or Congress has overridden it. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144-46 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 119-24 (1984); *Alabama v. Pugh*, 438 U.S. 781, 781-82 (1978). In enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)). "KCPC's operations fall under the auspices and authority of the Commonwealth of Kentucky's Cabinet for Health and Family Services . . . [and], as a division of the Commonwealth of Kentucky's Cabinet for Health and Family Services, [] KCPC is entitled to . . . immunity from suit

and Eleventh Amendment protection from § 1983 claims[.]" *Burnett v. Ky. Corr. Psychiatric Ctr.*, No. 0:16-CV-117-HRW, 2016 U.S. Dist. LEXIS 158741, at *5-6 (E.D. Ky. Nov. 15, 2016).

Moreover, "official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Therefore, Plaintiff's claims against Hackman, Dorman, and Elzy, who are employees of KCPC, are construed as brought against the Commonwealth of Kentucky. State officials sued in their official capacities for monetary damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. at 71. Further, the Eleventh Amendment acts as a bar to claims for monetary damages against state employees or officers sued in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169.

For these reasons, Plaintiff's claims against KCPC for all relief and his official-capacity claims against Hackman, Dorman, and Elzy for damages must be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from a defendant who is immune from such relief.

### B. Individual-capacity claims

#### 1. Hackman and Dorman

Plaintiff alleges that Hackman and Dorman forced him to be medicated and that Hackman forced him to be evaluated at KCPC. This is not the first time Plaintiff has brought claims that he was forced to be medicated and evaluated by KCPC personnel in this Court. Filings made in other actions brought by Plaintiff show that he is involuntarily committed to KCPC under Ky. Rev. Stat. 202C after being found incompetent to stand trial. *See, e.g.*, *O'Bannon v. Dr. Allen*, No. 3:22-cv-

628-JHM (DN 11); *O'Bannon v. K.C.P.C. et al*, No. 3:24-cv-573-JHM (DN 5).  Kentucky Revised Statutes Section 202C.150 states as follows:

> (1) Every forensic psychiatric facility caring for respondents involuntarily committed under this chapter shall have a review committee of three (3) qualified mental health professionals appointed by the facility director. This review committee shall have the authority to review the appropriateness of a respondent's individual treatment plan.
>
> (2) Upon the refusal of a respondent to participate in any or all aspects of his or her treatment plan, the review committee shall examine the appropriateness of the respondent's individual treatment plan. . . .
>
> (3) If the respondent still refuses to participate in any or all aspects of his or her individual treatment plan, the forensic psychiatric facility may petition the Circuit Court for a de novo determination of the appropriateness of the proposed treatment. Within seven (7) days, excluding weekends and holidays, the court shall conduct a hearing, consistent with the respondent's rights to due process of law, and shall utilize the following factors in reaching its determination:
>
>> (a) Whether the treatment is necessary to protect the respondent or others from harm;
>> (b) Whether the respondent is incapable of giving informed consent to the proposed treatment;
>> (c) Whether any less restrictive alternative mode of treatment exists; and
>> (d) Whether the proposed treatment carries any risk of permanent side effects.
>
> (4) Upon the completion of the hearing, the court shall enter an appropriate judgment.

Ky. Rev. Stat. § 202C.150.

Plaintiff filed a letter in this action attaching an order entered in Jefferson Circuit Court on October 3, 2023. (DN 5, PageID # 34). The Court may take judicial notice of proceedings in another court. *See Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999) ("[F]ederal courts may take judicial notice of proceedings in other courts of record.") (quotation omitted). That order states as follows:

5

> WHERE AS, The Review Committee [of patient] Antonio Lee O'Bannon having been heard and having recommended that the patient receive individual treatment and the court having reviewed the matter at a hearing, held the 2 day of October, 2023 with the patient and his/her Attorney and having considered the factors set forth in KRS 202C.150(3) HEREBY authorizes Kentucky Correctional Psychiatric Center to administer, from date of this Order,
>
> Medications and Dosages:
> Zyprexa up to 30 mg daily or Abilify up to 20 mg daily followed by Arislada up to 1064 mg injection every 4-8 weeks
>
> Mood Stabilizers
> Depakote up to 2000 mg PO in divided doses as an adjunct to antipsychotic medication and mood stabilizer

(*Id.*). The order also states, "If patient refuses any of the above medications, administer Haldol IM up to 20 mg/day in divided doses and/or Zyprexa up to 20 mg IM in divided does."

Upon review of Plaintiff's allegations, the Court concludes that Hackman and Dorman were acting pursuant to the Jefferson Circuit Court order authorizing KCPC personnel to administer medication to him under Ky. Rev. Stat. 202C.150 in attempting to evaluate Plaintiff and medicating him when he refused to take medication. Plaintiff's claims cannot be brought against the personnel who administered the order but must be raised in the Jefferson Circuit Court action where the order was entered. *See Whittington v. Black*, No. CV 23-6164-MWF, 2023 U.S. Dist. LEXIS 209723, at *8-9 (C.D. Cal. Oct. 16, 2023) (dismissing under 28 U.S.C. § 1915A due process claim against medical provider who administered involuntary medication order finding Plaintiff did not allege "Defendants' failure to meet any due-process requirement or the absence of a court order"); *Simmons v. Boudrea*, No. 1:23-cv-52, 2023 U.S. Dist. LEXIS 49140, at *34 (W.D. Mich. Mar. 23, 2023) (dismissing under § 1915A due process claim against medical providers who forcibly medicated inmate); *Stevenson v. Ohio Dep't of Rehab. & Corr.*, No. 3:11 CV 1863, 2012 U.S. Dist. LEXIS 5624, at *10-14 (N.D. Ohio Jan. 18, 2012) (dismissing under

28 U.S.C. § 1915(e) due process claim against medical providers who medicated inmate involuntarily).

Accordingly, Plaintiff's claims against Hackman and Dorman must be dismissed for failure to state a claim upon which relief may be granted.

### 2. Elzy

Plaintiff alleges that Elzy threatened "to kill me when I get out." The Sixth Circuit Court of Appeals has had a "longstanding rule that 'verbal abuse and harassment of prisoners do not alone give rise to a constitutional claim.'" *Roberts v. Carroll*, No. 4:18-CV-04-SKL, 2021 U.S. Dist. LEXIS 212601, at *3 n.5 (E.D. Tenn. Nov. 3, 2021) (quoting *Small v. Brock*, 963 F.3d 539, 541 (6th Cir. 2020)); *see Violett v. Reynolds*, 76 F. App'x 24, 27 (6th Cir. 2003) ("[V]erbal abuse and harassment do not constitute punishment . . . ."); *Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987) (per curiam); *see also McDonald v. Sullivan Cnty. Jail*, No. 2:08-CV-280, 2010 U.S. Dist. LEXIS 48737, at *7-8 (E.D. Tenn. May 18, 2010) (finding prison guard's threat to kill plaintiff "may be petty, oppressive, and unprofessional, [but] it is not unconstitutional") (citing *Ivey*, 832 F.2d at 954).

In *Small*, the Sixth Circuit departed from that rule in holding that a prisoner states a constitutional claim "by alleging that, without provocation, a prison official threatened the prisoner's life on multiple occasions and took concrete steps, such as aggressively brandishing a deadly weapon, to make those threats credible." *Roberts v. Carroll*, 2021 U.S. Dist. LEXIS 212601, at *2 n.5 (citing *Small*, 963 F.3d at 541)). The plaintiff in *Small* alleged that, "without provocation, Officer Brock brandished a knife, threatened to kill him, and motioned in a manner suggesting how Brock would use the knife to kill Small. This occurred on several occasions,

causing Small to seek 'treatment and counseling' for 'paranoia, mental distress, [and] psychological stress.'" *Small*, 963 F.3d at 540.

Here, unlike in *Small*, Plaintiff alleges no brandishing of a weapon or other "concrete steps" by Elzy to make his threats credible. Further, Elzy's alleged threats were not immediate in nature as they were in *Small*. *Id.* at 541 ("The issue then is whether unprovoked and repeated threats to a prisoner's life, combined with a demonstrated means to immediately carry out such threats, constitute conduct so objectively serious as to be 'antithetical to human dignity.'") (quoting *Hope v. Pelzer*, 536 U.S. 730, 745 (2002)); *see also Jackson v. Bolton*, No. 2:23-cv-122, 2024 U.S. Dist. LEXIS 57488, at *53 (W.D. Mich. Mar. 29, 2024) (dismissing claim based on verbal abuse finding "[n]owhere in Plaintiff's complaint does he allege that either Defendant . . . brandished a deadly weapon or object when they made the threats"); *Howell v. Mayhew*, No. 1:21-CV-69, 2021 U.S. Dist. LEXIS 125995, at *26 (W.D. Mich. July 7, 2021) (allowing claim to proceed where "the death threats issued by Defendants . . . were detailed and repeated . . . [and] they followed a beating by [three] Defendants . . . and an attempt to hire another prisoner to attack Plaintiff by [two] Defendants"). Further, Plaintiff alleges no psychological consequences such as "paranoia, mental distress, [and] psychological stress" necessitating "treatment and counseling" as alleged in *Small*. Elzy's alleged threats to Plaintiff, although unprofessional and deplorable, do not rise to a constitutional dimension. *See Wingo v. Tenn. Dep't of Corr.*, 499 F. App'x 453, 455 (6th. Cir. 2012) ("Verbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief.");

For these reasons, Plaintiff's claims against Elzy will be dismissed for failure to state a claim upon which relief may be granted.

## IV.  CONCLUSION

The Court will enter a separate Order of dismissal for the reasons stated herein.

Date: May 15, 2025

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.010